## HORACE FREELAND V. THE STATE.

### No. 11766.   Delivered May 2, 1928.

**1.—Sale of Intoxicating Liquor—Continuance—Diligence Not Shown—Properly Refused.**

Where, on a trial for the sale of intoxicating liquor, appellant requested a continuance on account of absent witnesses, but no diligence to secure the attendance of such witnesses being shown, the motion was properly overruled.   See Art. 543, C. C. P. of 1925.

**2.—Same—Evidence—Of Label on a Bottle—Which Had Been Erased—No Error Shown.**

Where a bottle of whiskey, identified as the one purchased from appellant, was introduced in evidence and had been exhibited to the jury, the court directed that a label on the bottle be erased, and after this was done the appellant insisted that he be furnished with the label to compare the handwriting thereof with that of appellant.   No error is presented in this incident.

**3.—Same—New Trial—To Secure Evidence—Properly Refused.**

There was no error in refusing appellant a new trial to secure evidence to impeach the state's witnesses.   See McAfee v. State, 17 Tex. Crim. App. 139, and other cases cited.

**4.—Same—Evidence—No Statement of Facts—Cannot Be Reviewed.**

Where appellant complains of the ruling of the court on the evidence, and no statement of facts appears in the record, such complaints cannot be considered.

Appeal from the District Court of Lamar County.   Tried below before the Hon. George P. Blackburn, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful sale of intoxicating liquor, punishment fixed at confinement in the penitentiary for a period of two years.

The purchaser named in the indictment was W. H. Patterson. No statement of facts accompanies the record bringing forward the evidence that was heard by the jury upon the trial.

There are three bills of exceptions.   In the first bill complaint is made of the refusal of the court to continue the case because of the absence of Coz Richey, also known as B. V. Richey, a

resident of Lamar County. No service had been had upon the witness. The indictment was returned and the appellant arrested on October 11, 1927. The trial took place on the 14th of December, 1927. A subpoena was issued on the 13th of December for the witness and returned not executed upon the following day, stating that the witness could not be found in that county. During the trial no effort was made to secure the attendance of the witness. The motion fails to show the diligence which the law requires. See Art. 543, C. C. P., 1925.

On appeal, the appellant appears by a different counsel from the one who appeared upon the trial. The testimony of the attorney who tried the case was taken on the motion for new trial but is not deemed of a nature to show diligence in an effort to procure the testimony of the absent witness.

As qualified, it appears from Bill No. 2 that a bottle of whiskey upon which there was a label was exhibited to the jury and identified by the prosecuting witness as having been purchased from the appellant. After it was identified, the court instructed that the label be erased. After the label was destroyed, counsel for the appellant insisted that he desired it for use in the comparison of the handwriting of Patterson. The judge in qualifying the bill stated that he was unable to restore the label, and the bill, moreover, fails to show the pertinency of the proposed comparison of the handwriting.

A motion for new trial was sought to secure new evidence. That part of the motion in which it is alleged that the witness Patterson had been convicted of a felony in the State of Oklahoma exhibits the fact that it was not newly discovered, but as the motion is understood, the fact was known in advance, but that counsel was surprised that the witness denied it. Another averment in the motion is that Patterson, who was acting as a policeman in Dallas, had been discharged for some reprehensible conduct. This fact was merely an effort to impeach the character of the witness by an isolated transaction entirely foreign to the case on trial. See McAfee v. State, 17 Tex. Crim. App. 139, and other cases collated by Mr. Branch in his Ann. Tex. P. C., Sec. 168. Impeaching testimony is not ordinarily available as a basis for a new trial upon the ground of newly discovered evidence. See Gibbs v. State, 1 Tex. Crim. App. 12, and other cases collated in Branch's Ann. Tex. P. C., Sec. 202. Moreover, the purported testimony would not have been available for impeachment purposes if the testimony had been

present. It may be added that even if there had been error committed by the court in ruling upon the evidence, this court without knowing what evidence was before the jury, would be unable to determine that the error was harmful.

The judgment is affirmed.

*Affirmed.*